CONCKLIN and others *vs.* CODDINGTON and others.

As a general rule, a mortgagee is entitled to his costs.

A mortgagee, being a defendant, in his answer set up his mortgage and an in-terest in the premises under a tax lien, which latter claim was decided against him. As it did not appear that the claim was in bad faith, it was held he was entitled to his costs.

That a mortgagee has extended his claim beyond what the court finally decide he is entitled to, is no ground for refusing him his costs.

---

*J. S. Nevius,* on behalf of the complainant, submitted whether, on the following facts, the defendant, Codding-ton, is entitled to his costs. Conklin held a second mort-gage, and filed his bill for foreclosure and sale. He made Coddington a defendant because he held a prior mort-gage. The bill admits Coddington's priority. He filed an answer settling up his mortgage, and also claiming to hold the mortgaged premises for a term of years under a tax sale. This claim was decided against him. It was further insisted that Coddington had been guilty of im-proper conduct in not giving certain credits of interest

paid on his mortgage, and had therefore deprived himself of his right to claim any costs.

*T. H. Shafer*, contra.

THE CHANCELLOR said, it was well established, as a general rule, that a mortgagee is entitled to his costs, and cited 6 *Vin. Ab.* 365; *Gammon* v. *Stone*, 1 *Ves. sen.* 339; *Detillin* v. *Gale*, 7 *Ves.* 583; *Loftus* v. *Swift*, 2 *Sch. & Lef.* 642; *Witherel* v. *Collins*, 3 *Mad. R.* 255.

The practice in this court has always been, where a bill is filed by a second mortgagee making a first mortgagee a party to the suit, to decree the taxed costs of the first mortgagee not only to be paid, but to be *first* paid out of the money raised by a sale of the mortgaged premises. The second mortgagee, if he wishes to save such costs, must tender the first mortgagee the money due upon his mortgage, as was said in *Gammon* v. *Stone*, before referred to. In the case of *Shuttleworth* v. *Lowther*, mentioned in 7 *Ves.* 586, a mortgagee was made to pay costs on the ground of a tender and an appropriation of the money, which was paid into the bank and refused.

It is said the first mortgagee has been guilty of improper conduct. If this is so, the court may not only refuse him costs, but compel him to pay costs. *Detillin* v. *Gale*, before referred to.

But no such penalty can attach from the mere fact of Coddington's setting up his claim under his tax lien. There was nothing improper in his making that purchase, and he was warranted, under the circumstances, in setting it up, although it was disallowed. He was right, holding the first mortgage, not to permit any third party to purchase, and run the risk of his acquiring a prior claim under the law to his mortgage. He did not purchase in bad faith. He bought to protect himself. But this matter was decided against him, and therefore presents the question—whether by extending his claim beyond

what he was entitled to will deprive him of costs.   I see
no reason why it should.   In the case of *Loftus* v. *Swift*,
2 *Sch. & Lef.* 657, already referred to, the *Lord Chancellor*
says—" As to the costs, a mortgagee is always considered
as entitled to costs, unless there be something of positive
misconduct.   Merely *extending his claim* beyond what the
court finally decides that he is entitled to is no ground
for refusing him his costs.".

I cannot see that Coddington has been guilty of any
misconduct.   It is true, in taking the accounts before the
master, no credits were given for payment of interest on
his mortgage.   This was not his fault or the fault of his
solicitor.   The proceedings were irregular on the part of
the complainants.   Coddington ought to have been sum-
moned before the master.   The proceedings were *ex parte ;*
and if the accounts were erroneous, the absent party is
not to blame.   He made no unnecessary delay or diffi-
culty in submitting to have the accounts corrected and
made right as soon as the errors were discovered.

Coddington is entitled to have his taxed costs out of
the money in court.